(No. 4436-)

EDWARD BURGESS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 8, 1952.*

JAMES O. MONROE, Jr., Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; CHARLES H. EVANS, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant, Edward Burgess, seeks to recover from respondent under the Workmen's Compensation Act for an injury to his left hand, as the result of an accident that arose out of and in the course of his employment as a common laborer in the Department of Public Works and Buildings, Division of Highways.

Claimant was 60 years of age, and had no children under 16 years of age dependent upon him for support at the time of the injury. He was first employed by the Division of Highways on May 10, 1950 at a wage rate of one dollar an hour. He continued in this same classification, and at the same wage rate, from the date of his employment until the date of his injury on June 2, 1950. Other employees working in the same capacity as claimant ordinarily work less than 200 days a year. Therefore, under Section 10 of the Workmen's Compensation Act, claimant is presumed to have earned $1,560.00 in the year preceding the accident.

On June 2, 1950, Mr. Burgess was one of a group assigned to widen an expansion joint in the concrete pavement surface of U. S. Route No. 50, one quarter mile east of East St. Louis. At approximately 1:30 P.M., Mr. Burgess was swinging a sledge and striking a steel point held against the concrete pavement, thus chiseling away a small portion of the pavement slab. As the sledge struck the point, a small metallic particle broke off of either the point or the sledge, flew through the air, and became imbedded in the back of Mr. Burgess' left hand.

The Division took Mr. Burgess to Dr. W. W. Brown, Collinsville, who gave first attention to Mr. Burgess. Dr. Brown submitted the following report on June 8, 1950:

"Nature of Injury—Laceration of dorsal vein, left hand with foreign body dorsal surface at base of second metacarpal. Treatment—Skin clips—local dressings—penicillin—tetanus anti-toxin. X-Rays—Negative for fracture—foreign body dorsal surface left hand. Remarks—No attempt made to remove foreign body. Estimated date of discharge—10 days. Estimated date patient able to work—No disability. What permanent disability do you expect?—Indefinite."

In the forepart of July, 1950, Dr. Brown went on vacation, and transferred Mr. Burgess to the care of Dr. J. L. Verneuil, Collinsville. On July 6, 1950, Dr. Verneuil removed the steel particle from the hand of Mr. Burgess, and submitted the following report and note on August 18, 1950:

"I treated Mr. Burgess at the request of Dr. Brown while Dr. Brown was on vacation. He had a foreign body (steel) in the dorsum of his left hand. I removed the steel on July 6, 1950.

I treated Mr. Burgess until July 15, 1950, and, at the time he was released from my care, I estimated that he would be totally disabled until July 22, 1950.

Nature of Injury—Puncture wound dorsum left hand. Treatment—Removed piece of steel from dorsum of left hand on July 6, 1950. X-Rays—None. Remarks— Dr. W. W. Brown left on a vacation, and turned this case over to me. Estimated date of discharge—July 22, 1950. (On July 22, I sent this patient back to Dr. Brown for final check-up and care.) Estimated ability to return to work—July 22, 1950. What permanent disability do you expect?—None."

On August 21, 1950, Dr. Brown submitted his final report, which is as follows:

"Nature of Injury—Puncture wound left hand (dorsum). Treatment—Local dressings. July 6, 1950, Dr. Verneuil removed piece of steel from dorsum left hand. X-Rays—June 2, 1950, Foreign body left hand. Remarks—Dr. Verneuil returned Mr. Burgess to my care on July 22, 1950. Date patient was discharged—August 19, 1950. Date able to work—July 22, 1950. Permanent disability—None. Temporary disability when discharged—Small area of fibrosis over site of injury."

No jurisdictional question is raised.

The record consists of the complaint, Departmental Report, stipulation waiving briefs of both parties, transcript of evidence, original supplemental Departmental Report with attached exhibits, copy of supplemental Departmental Report, order of Chief Justice

granting claimant an extension of time in which to file abstract of evidence, and abstract of evidence.

Claimant's weekly compensation rate would be the maximum of $15.00. Since the accident occurred subsequent to July 1, 1949, this must be increased 50%, making his compensation rate $22.50 per week.

The Division's original report showed that Mr. Burgess was totally disabled from July 6 through July 22, 1950, and that he was paid compensation from July 13 to 22, inclusive, in the amount of $32.15. The Division failed to note that Mr. Burgess had worked July 13 and 14 at the time his compensation payments were made.

From a review of the evidence, and the observations of Commissioner Frank Summers, we are of the opinion that claimant is entitled to an award for a 20% permanent loss of use of his left hand.

Claimant is entitled to an award under Section 8, Paragraph (e) (12) of the Workmen's Compensation Act for 34 weeks at the compensation rate of $22.50 per week, or the sum of $765.00.

An award is, therefore, made to claimant, Edward Burgess, in the sum of $765.00, all of which has accrued, and is payable forthwith.

T. W. Elliott was employed to take and transcribe the evidence at the hearing before Commissioner Summers. Charges in the amount of $42.00 were incurred for the services, which are fair, reasonable and customary. An award is, therefore, entered in favor of T. W. Elliott in the amount of $42.00, payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".